*Rannet, J.
The action in the courtbelow was brought upon the official bond of Sloane, one of the defendants in error, as clerk of the court of common pleas of Wayne county. It is averred that on October 24,1837, one Ralph Funk was appointed guardian of Mary May, then a minor (now the wife of Carpenter), and ordered to give bond in the sum of $1,000; that without requiring him to give such bond, Sloane issued to him letters of guardianship, under the seal of the court, by virtue whereof he took into possession the property of the minor, squandered it, and finally died insolvent. A demurrer to the declaration was sustained by the court of common pleas, and the main question presented for our consideration is, whether the facts so charged constitute a breach of the official bond. By section 6 of the “act to organize the judicial courts,” passed February 7, 1831 (Swan’s Stat. 223), each clerk is required to give bond, to be approved by the court by which he is appointed, in the sum of $10,000, “conditioned that he will truly and faithfully pay over all money that may be by him received, in his official capacity, and that he will enter and record all the orders, decrees, judgments, and proceedings of said court, and faithfully and impartially discharge and perform all the duties of his said office.”
It is not claimed here, that Sloane has received money which he has failed to pay over, or that he has refused or neglected to enter and record ail the orders, etc., of the court. Has he failed to discharge any of the duties of his office, as specified in the last clause of the condition of the bond? To do so, he must have neglected or refused to do something required of him by law; or attempting to perform some duty, he must have done it so improperly or negligently as to have occasioned loss to those who had a right to rely upon his official acts. If, in any matter outside of his official duties, he injures others, he stands, like all other persons, liable to make reparation; but it can not work a breach of his official bond.
The wrongful act here complained of, is issuing letters of guard *281 ianship before taking bond. The first section of the *“ act for the appointment of guardians ” (Swan’s Stat. 430) requires the guardian appointed, “ before entering on the discharge of the duties of his appointment, in every case, to give bond,” etc., which shall be filed with the clerk of the court. There is nowhere in our law any obligation upon the clerk to issue letters of guardianship, nor any authority to do so, further than may be inferred from a clause introduced into the act regulating the fees of officers, which allows the clerk to receive fifty cents for issuing such letters. The law does not impose upon the clerk the obligation to see that the guardian gives bond. The law seems to suppose that it will be given upon the spot, and aj>proved by the court; at all events, the guardian has no power or authority whatever to do one legal act, as such, until the bond is given. It is a condition precedent to his right to act, and although the clerk should issue to him letters of guardianship, he would still have no more power or authority than before—which was none at all. When the appointment is made, and the bond given, the guardian does not require letters of guardianship to enable him to act; and if he does procure them, they can be regarded as nothing more than an official certificate of the journal entry. The clerk has no obligation resting upon him to see that the bond is given, nor has he any power whatever to constitute the appointee a guardian until the bond is given. It is therefore legally impossible that he could have come into the possession of the property of the ward, by virtue of any letter of guardianship issued to him, since such a letter would have no virtue or force whatever in it.
We can not, therefore, say that Sloane has failed to discharge any duty of his said office, so as to charge his sureties in the official bond, especially under the doctrine constantly applied in this court, and reiterated again at this term, that the undertaking of sureties is to receive a strict construction, and not to be extended by implication to cases not falling within the terms of the contract into which they enter.
It may have been improper for Sloane to have issued the letters *of guardianship until the bond was executed and filed. Whether he might not be liable to any person who could show that he had been thus misled to his injury, it is not now necessary to determine.
The judgment of the court of common pleas must be affirmed.
Hitchcock, C. J., was absent.